John P. Aldrich, Esq.
Nevada Bar No. 6877
Catherine Hernandez, Esq.
Nevada Bar No. 8410
**ALDRICH LAW FIRM, LTD.**
7866 West Sahara Avenue
Las Vegas, NV 89117
Telephone: (702) 853-5490
Facsimile:  (702) 227-1975
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SORRELL PUGH, as Natural Parent of H. B., <br><br> Plaintiff, <br><br> vs. <br><br> RELIANCE STANDARD LIFE INSURANCE COMPANY, a foreign company; DOE INDIVIDUALS I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | CASE NO.: 21-cv-01200-JAD-VCF <br><br> **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

Plaintiff SORRELL PUGH, as Natural Parent of H. B. ("Plaintiff"), by and through her attorneys, John P. Aldrich, Esq. and Catherine Hernandez, Esq., of the Aldrich Law Firm, Ltd., and Defendant RELIANCE STANDARD LIFE INSURANCE COMPANY ("Defendant"), by and through its attorney, Chad C. Butterfield, Esq., of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, jointly request special scheduling review and submit the following discovery plan and scheduling order for this case.

**DISCOVERY PLAN**

Pursuant to FRCP 26(f) and LR 26-1(d), a meeting was held between Catherine Hernandez, Esq., attorney for Plaintiff, and Chad Butterfield, Esq., attorney for Defendant, on August 16, 2021 at 10:00 a.m.  The parties agree that the standard discovery plan is not best suited for this lawsuit,

for the reasons set forth below. The parties further certify, pursuant to LR 26-1(b)(7-8), that they have met and conferred regarding the possibility of using alternate dispute-resolution processes and alternate forms of case disposition including consent to trial by a magistrate judge and the use of the Short Trial Program. The provisions of LR 26-1(b)(9) do not apply as no jury trial is demanded in this matter.

I.      **Nature of Case and Purpose of Special Review**

This claim involves payment of life insurance benefits under a group insurance plan administered by Defendant. Plaintiff's Amended Complaint alleges claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), seeking, inter alia, payment of life insurance benefits denied by Defendant. This action is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §§ 1132 (a)(1)(B)).

No discovery plan and scheduling order is generally required for review of an administrative record. LR 16-1(c)(1). An action for an administrative review usually requires that the parties file a briefing schedule. LR 16-1(c). Accordingly, the parties jointly request that this Court review and adopt the proposed non-standard discovery and case schedule set forth below:

II.     **Proposed Plan**

The parties have conferred and agree as follows:

A.      **Production of the Administrative Record:** Defendant is in possession of the administrative record in this matter. The parties propose that Defendant produce a proposed administrative record for Plaintiff's review by October 1, 2021. On or before November 1, 2021, Plaintiff will notify Defendant of her position as to the following issues: (1) whether Plaintiff believes that any additional documents should be added to the administrative record; (2) whether Plaintiff believes that any documents contained in the proposed administrative record should be

omitted; and (3) whether Plaintiff believes that any discovery beyond the administrative record should be conducted.

**B.     Filing of Administrative Record/Motions re: Admin Record:** On or before December 1, 2021, the parties will file a joint administrative record with his Court. In the event the parties cannot reach an agreement on the joint administrative record, Plaintiff will file any motions that she believes are appropriate, including but not limited to moving to conduct discovery beyond the administrative record and/or moving to supplement or omit from the administrative record, by December 1, 2021 (pending determination on any motions, the parties will file on December 1, 2021, those portions of the administrative record on which they do agree).

**C.     Briefing Schedule for Legal Issues/Merits of the Case:** If a joint administrative record is timely filed and Plaintiff does not seek to conduct discovery beyond the administrative record, or to supplement or omit from the administrative record, the parties propose that dispositive motions be filed no later than January 17, 2022. Thereafter, the parties will file opposing memoranda by February 7, 2022 and reply memoranda by February 28, 2022.

If either party files a motion(s) contemplated by Section II.B., the above deadlines will be suspended. The parties will work together and with the Court to prepare a new scheduling order and may seek a status conference to address any outstanding discovery or other issues.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

III. **Settlement**

The parties have discussed settlement and will continue to engage in settlement discussions.

DATED this 1st day of September, 2021.                    DATED this 1st day of September, 2021.

**ALDRICH LAW FIRM, LTD.**                                **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/ Catherine Hernandez
John P. Aldrich, Esq.                                     /s/ Chad C. Butterfield
Nevada Bar No. 6877                                       Chad C. Butterfield, Esq.
Catherine Hernandez, Esq.                                 Nevada Bar No. 10532
Nevada Bar No. 8410                                       6689 Las Vegas Boulevard South, Suite 200
7866 West Sahara Avenue                                   Las Vegas, NV 89119
Las Vegas, Nevada 89117                                   *Attorneys for Defendant*
*Attorneys for Plaintiff*

**ORDER**

**IT IS SO ORDERED** this 1st day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE